UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEX MICHAEL POLK, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Marc J. Mendelson P-52798**
**Matthew R. Bates P-72004**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 281-9143; Fax (248) 621-2879
matt.bates@855mikewins.com;
leslie.kiesznowski@855mikewins.com

_____

# COMPLAINT

NOW COMES Plaintiff, Alex Michael Polk, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. §

1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of his claims on the United States Postal Service, as an agent of Defendant, United States of America, on February 27, 2025, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service' failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, Alex Michael Polk, is and has at all times pertinent hereto, been a resident of the City of New Baltimore, County of Macomb, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates field offices within the southeast regions of the State of Michigan, including, but not limited to the Charter Township of Chesterfield, Macomb County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the Charter Township of Chesterfield, County of Macomb, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims, occurred in the Charter Township of Chesterfield, Michigan, within the Eastern District of Michigan

**FACTUAL ALLEGATIONS**

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about May 30, 2024, at approximately 10:16 a.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Fairchild Road and La Grand Boulevard, in the Charter Township of Chesterfield,

3

Macomb County, Michigan. Plaintiff was a pedestrian and was stooping/kneeling while conducting landscaping work in a careful and prudent and lawful manner on the berm along Fairchild Road at or near La Grand Boulevard, when he was struck by Cynthia Ann McClintock's vehicle, which was traveling in a northwesterly direction while turning from westbound La Grand Boulevard onto northbound Fairchild Road, when Cynthia Ann McClintock failed to observe and yield to Plaintiff and violently struck Plaintiff.

15. The motor vehicle accident was caused by the negligence of Cynthia Ann McClintock while driving a motor vehicle owned by Defendant, United States of America, within the scope of her employment with Defendant.

16. Cynthia Ann McClintock failed to operate her vehicle in a careful and prudent manner, failed to yield to a pedestrian, failed to stop when facing a stop sign before entering the roadway, failed to determine that her turn could be made safely, failed to exercise due care and caution, failed to drive the vehicle on the roadway with due diligence and circumspection, and was operating the vehicle with willful and wanton disregard for the safety of pedestrians, specifically Plaintiff, who was lawfully present along Fairchild Road.

17. Cynthia Ann McClintock's failure to operate her vehicle with due care and caution in violation of MCL 257.627, failure to yield to a pedestrian in violation of MCL 257.612, MCL 257.649, failure to stop for a stop sign before

4

entering the roadway in violation of MCL 257.612, MCL 257.671, failure to determine that her turn could be made safely in violation of MCL 257.648, failure to drive the vehicle on the roadway with due diligence and circumspection in violation of 257.626c, and her operation of the vehicle in a careless and reckless manner with willful and wanton disregard for the safety and rights of others in violation of MCL 257.626(1), while turning from westbound La Grand Boulevard onto northbound Fairchild Road, resulted in a collision and caused Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Alex Michael Polk, was a pedestrian.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Cynthia Ann McClintock, while acting within the scope of her office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a United States Postal Service motor vehicle, U.S. Postal Service serial number 0201487 and VIN number 1GBCS10E5M2900951.

5

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the United States Postal Service motor vehicle being operated by Cynthia Ann McClintock.

22. Cynthia Ann McClintock owed to Plaintiff, Alex Michael Polk, certain duties which Cynthia Ann McClintock violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

    (a) Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

    (b) Violation of the duty to yield to a pedestrian, MCL 257.612, MCL 257.649 and Defendant owner allowing the same to happen.

    (c) Violation of the duty to stop when facing a stop sign before entering the roadway in violation of MCL 257.612, and Defendant owner allowing the same to happen.

    (d) Violation of the duty to determine that her turn could be made safely when turning from her lane of travel in violation of MCL 257.648;

    (e) Violation of the operator's duty to exercise reasonable care and caution, MCL 257.627, and to observe pedestrians lawfully upon the roadway, particularly Plaintiff, and Defendant owner allowing the same to happen.

6

(f) Violation of the duty to operate a motor vehicle so that collision with a pedestrian would not ensue, particularly Plaintiff, and Defendant owner allowing the same to happen.

(g) Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of roadway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(h) Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(i) Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(j) Violation of the duty to keep a proper lookout for conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(k) Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the roadway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

(l) Failing to observe the roadway in front of the vehicle when Cynthia Ann McClintock knew or should have known that failure to observe Plaintiff would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(m) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

    (n)    Failing to make timely use of the braking system with which said vehicle is equipped in violation of MCL 257.627 and MCL 257.649.

    (o)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Cynthia Ann McClintock did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Cynthia Ann McClintock, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Cynthia Ann McClintock consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Cynthia Ann McClintock's duties, Plaintiff was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to his head, neck, back, shoulders and right hip, including, but not limited to: disc herniations at C2-C7 requiring surgical intervention, cervical radiculopathy, a displaced T10 transverse process and superior articulating facet fracture, retrolisthesis of L5 on S1, disc herniation and bilateral facet arthropathy at L5-S1, Modic endplate changes at L5-1, sciatica, spinal strain, a concussion with post-concussion syndrome, post-traumatic headaches, and emotional distress and injury including chronic stress and adjustment disorder with depressed mood, among other injuries, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

    (a) Pain and suffering, past, present and future.

    (b) Mental anguish.

    (c) Embarrassment and shock.

    (d) Loss of normal, social and recreational activities.

    (e) Permanent injury and incapacity of disability.

    (f) Loss of wage earning capacity and future wages.

9

(g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Alex Michael Polk, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Cynthia Ann McClintock was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Cynthia Ann McClintock was acting within her respective capacity and scope of employment with Defendant, United States of America.

32. Cynthia Ann McClintock negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Cynthia Ann McClintock's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Alex Michael Polk, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

                    Respectfully submitted,

                    MIKE MORSE LAW FIRM
                    Attorneys for Plaintiff

                    */s/ Matthew R. Bates*

                    _____
                    Marc J. Mendelson P-52798
                    Matthew R. Bates P-72004
                    24901 Northwestern Highway, Suite 700
                    Southfield, Michigan 48075
                    (248) 350-9050

Dated: October 28, 2025